IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:15-CV-197-FL

| | | |
|---|---|---|
| LISA KAYE NICHOLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings. (DE 14; DE 16). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Kimberly A. Swank entered a memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's decision. Plaintiff timely filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons that follow, the court rejects the M&R, grants plaintiff's motion, denies defendant's motion, and remands this case to defendant for further proceedings.

**BACKGROUND**

On November 8, 2011, plaintiff filed applications for supplemental security income and disability benefits, alleging disability beginning March 15, 2010. The application was denied both initially and upon reconsideration. Later, plaintiff filed a request for a hearing before an administrative law judge ("ALJ"), who, after a February 28, 2014, hearing, denied plaintiff's claims by order entered April 4, 2014. Following the ALJ's denial of her applications, plaintiff timely filed a request for review with the Appeals Council. On July 2, 2015, the Appeals Council denied

plaintiff's request for review, leaving the ALJ's decision as defendant's final decision. Plaintiff then filed complaint in this court seeking review of defendant's decision.

## COURT'S DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is. . .such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but. . .less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, ___ F.3d ___, 2016 WL 3349355, *11 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. at *10 (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

2

To assist it in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings. . .and to submit. . .proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

3

Case 7:15-cv-00197-FL   Document 23   Filed 08/25/16   Page 3 of 9

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since March 15, 2010. At step two, the ALJ found that plaintiff had the following severe impairments: fibromyalgia, osteoarthritis, and degenerative joint disease. The ALJ also determined plaintiff had the nonsevere impairment, as relevant here, of depression. However, at step three, the ALJ further determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform a full range of sedentary work. In making this assessment, the ALJ found plaintiff's statements about her limitations not fully credible. At step four, the ALJ concluded plaintiff was able to perform her past relevant work as a loan officer. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.  Analysis

Plaintiff contends the ALJ erred in giving less than controlling weight to the medical source opinion of her treating physician, Dr. Russell Gerry. Sometime before plaintiff's alleged disability onset date, Gerry diagnosed her with generalized anxiety disorder, insomnia, and panic attacks. These diagnoses persisted after plaintiff's disability onset date. (See, e.g., Tr. 299–300, 322–26). In November of 2012, Russell opined plaintiff had several mental limitations, apparently resulting from her previously-diagnosed generalized anxiety disorder, insomnia, and panic attacks. (Id. at

4

345).[1]  This marked the first (and apparently the only) time Gerry opined on plaintiff's mental limitations.

In its opinion, the ALJ discredited Gerry's medical source opinion with respect to plaintiff's mental limitations in a cursory fashion. The ALJ's analysis comes in two sections. The ALJ first mentioned plaintiff's mental limitations when discussing her non-severe impairment of depression:

> [Plaintiff's] treating physician, Dr. Gerry, when providing a medical source statement regarding. . .[plaintiff's] work-related abilities and limitations, did not identify depression as one of. . .[her] diagnoses, although he indicated that she had some mental limitations. . . .Dr. Gerry's opinion regarding the claimant's mental limitations is inconsistent with his own treatment notes and other medical evidence of record and has been accorded little weight.

(Id. at 35). The ALJ brought Gerry's opinion up again, twice, when assessing plaintiff's RFC:

> Primary care treatment records reveal that the claimant has a history of treatment for. . .panic attacks. . . .The undersigned notes that. . .[plaintiff's] treatment for these impairments has generally been routine and conservative in nature, which suggests that her symptoms may not be as severe as alleged.
>
> \*\*\*
>
> In November 2012, Russell Gerry, M.D.,. . .[plaintiff's] primary care physician, reported that. . .[plaintiff] had diagnoses of degenerative disc disease with radiculopathy, left hip degenerative joint disease, fibromyalgia, and insomnia. . . .[Plaintiff] had extreme limitation in the ability to maintain attention and concentration. She had moderate impairment in the ability to understand, remember, and carry out detailed and simple instructions, interact appropriately with the general public, and accept supervision. She was not significantly impaired in her ability to work with others or get along with coworkers. . . .Dr. Gerry's opinion has been considered. However, the severity of the limitations asserted in this report are not consistent with his treatment notes and the objective findings of other treating and examining physicians.

---

[1] Gerry's November 2012 medical source opinion suggests that these limitations may have been a consequence of plaintiff's insomnia only. It lists under "diagnoses" neither generalized anxiety nor panic attacks. (See Tr. 345).

5

(Id. at 38–39).  Thus, the ALJ afforded Gerry's medical source opinion "little weight" because it was inconsistent with both his treatment notes and the "objective findings of other treating and examining physicians."

Plaintiff argues that the ALJ failed to adequately explain how Gerry's medical source opinion was "not consistent with his treatment notes and the objective findings of other treating and examining physicians" in light of the Fourth Circuit's recent decision in Monroe v. Colvin, __ F.3d __, 2016 WL 3349355 (4th Cir. 2016).  In response, defendant argues that the ALJ's treatment of Gerry's medical source opinion, although fairly scant on its own, is sufficiently supported when the ALJ's analysis is read in the context of its whole opinion.  First, defendant contends that Gerry's failure to document plaintiff's generalized anxiety disorder, insomnia, and panic attack diagnoses contemporaneously with any related symptoms or functional loss belies plaintiff's contention that those impairments are "severe."  (See Def.'s Br., DE 17, at 8).  In addition, defendant contends that the ALJ adequately explained the inconsistency between plaintiff's alleged symptoms and the objective medical evidence of record where it discussed plaintiff's mild limitation in activities of daily living; social functioning; and concentration, persistence or pace, as well as the absence of any episodes of decompensation.  (Tr. 34).  The court agrees with plaintiff.

When making an RFC assessment, the ALJ "must always consider and address medical source opinions."  SSR 96-8p, 1996 WL 374184, at *7.  In addition, an ALJ generally must give "greater weight to the testimony of a treating physician because the treating physician has necessarily examined the applicant and has a treatment relationship with the applicant."  Johnson, 434 F.3d at 654 (internal quotations omitted).  "[If] a treating source's opinion on the issue(s) of the nature and severity of [the] impairment(s) is well supported by medically acceptable clinical and

6

laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [an ALJ] will give it controlling weight." Craig, 76 F.3d at 590. By contrast, "[i]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Id.

Here, the ALJ supported its conclusion only by noting that Gerry's medical source opinion was inconsistent with his treatment notes and the objective findings of other physicians. This conclusion is troubling. For example, the ALJ's passing reference to Gerry's treatment notes hardly satisfies its obligation to build an "accurate and logical bridge" between the evidence and its conclusion. See Monroe, 2016 WL 3349355, at *10. Although the ALJ suggests that an inconsistency exists, it fails to specifically address it. Similarly, the ALJ's reference to other physician's objective findings to discredit Gerry's testimony is fatally flawed in at least two respects. First, the ALJ never specified what other medical source opinions it relied on to discredit Gerry's medical source opinion. Gerry's medical source opinion reaches wide; it would be inappropriate for the ALJ to rely on a medical source opinion addressing only plaintiff's physical limitations to discredit Gerry's medical source opinion with respect to plaintiff's mental limitations. Second, assuming the ALJ discredited Gerry's medical source opinion based on the objective findings of other medical sources who also treated plaintiff for psychological issues, that analysis compares apples with oranges. Gerry appears to be the only medical source to address the effects of plaintiff's generalized anxiety disorder, insomnia, and panic attacks; other psychologically-focused medical source statements address plaintiff's depression, a condition for which Gerry did not treat plaintiff. Thus, the ALJ failed to build an "accurate and logical bridge" between the

7

evidence and its conclusion and defendant's final decision must be reversed and remanded pursuant to sentence four of § 405(g).

Nevertheless, defendant suggests her final decision can be saved by reading the ALJ's statements in context. For example, defendant contends the basis for the ALJ's conclusion, the fact that Gerry's treatment notes do not mention any limitations accruing from plaintiff's generalized anxiety disorder, insomnia, or panic attacks, is obvious: Gerry failed to document contemporaneously any limitations caused by plaintiff's generalized anxiety disorder, insomnia, or panic attacks. Defendant correctly asserts that a psychological disorder is "disabling" only where it is accompanied by "a showing of related functional loss." Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986). But the ALJ never said as much. The ALJ only said that Gerry's medical source opinion was "inconsistent" with his treatment notes. Although the ALJ certainly may have meant that Gerry's medical source opinion failed to mention any functional limitations associated with plaintiff's mental impairments, it is not the province of the court to sift through the evidence and justify post hoc the ALJ's conclusion in the first instance. See Radford, 734 F.3d at 295.

Defendant next contends her final decision can be saved by reference to the ALJ's finding at step two that plaintiff did not have a severe mental impairment. That argument is a non sequitur. At step two the ALJ discussed only plaintiff's depression. The surrounding discussion, while detailed and thorough, is wholly irrelevant to the issue at the heart of plaintiff's case. In particular, the ALJ's discussion does not address plaintiff's generalized anxiety disorder, insomnia, or panic attacks.

Finally, defendant suggests that Monroe is inapplicable here. Defendant argues that in Monroe, on the one hand, it was "clear" that "there was a great deal of conflicting evidence. . .that

8

the ALJ did not properly resolve." (Def.'s Objections, DE 22, at 5). Defendant goes on to argue that in this case, on the other hand, "there is no conflicting treatment history. . .to the extent present in Monroe." (Id.). However, Monroe is not about the extent of the conflict. Rather, Monroe is about a basic threshold of explanation that the ALJ must surpass in all cases. As explained above, the ALJ did not do that here.

## CONCLUSION

Based on the foregoing, the court REJECTS the M&R. Plaintiff's motion for judgment on the pleadings is GRANTED (DE 14) and defendant's motion for the same (DE 16) is DENIED. This case is REMANDED to defendant pursuant to sentence four of § 405(g). The clerk of court is DIRECTED to close this case.

SO ORDERED this 25th day of August, 2016.

LOUISE W. FLANAGAN
United States District Judge